# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

April 2, 2026
*By the Court:*

| | |
|---|---|
| No. 26-1631 | JORDAN TALLEY-SMITH,<br>      Plaintiff - Appellant<br><br>v.<br><br>KATHLEEN A. SULLIVAN, et al.,<br>      Defendants - Appellees |

| **Originating Case Information:** |
|---|
| District Court No: 2:25-cv-00252-GSL-AZ |
| Northern District of Indiana, Hammond Division |
| District Judge Gretchen S. Lund |

Rule 4(a) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2107(a) require that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. In this case judgment was entered on October 16, 2025, and an amended judgment was entered on October 31, 2025. The district court entered its order denying a timely motion to alter or amend the judgment on December 11, 2025.  Appellant then moved for relief from the judgment on December 22, 2025, and again on January 29, 2026. Because these motions were filed more than 28 days after the judgment, and because the district court had already denied one post-judgment motion, these motions did not further affect the time to appeal the judgment. See Fed. R. App. P. 4(a)(4); Krivak v. Home Depot U.S.A., Inc., 2 F.4th 601, 606 (7th Cir. 2021); Banks v. Chicago Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014). The notice of appeal was then filed on March 30, 2026, over two months late with respect to the judgment and over one month late with respect the denial of the first motion for relief from the judgment. The district court has not granted an extension of the appeal period, see 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5), and this court is not empowered to do so, see Fed. R. App. P. 26(b). Accordingly,

**IT IS ORDERED** that appellant shall file, on or before April 16, 2026, a brief memorandum stating why this appeal should not be **LIMITED** to review of the March 18, 2026, order denying appellant's second motion for relief from the judgment. Because a preliminary review suggests that any appeal of that March 18, 2026, order may be frivolous, the memorandum must also explain why that order should not be summarily affirmed. A motion for voluntary dismissal under Rule 42(b) of the Federal Rules of Appellate Procedure will satisfy this requirement. Briefing is **SUSPENDED** pending further court order.